## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

GENNIE SHIFTER, LLC, a Colorado limited liability company,

    Plaintiff,

v.

LOKAR, INC., a Tennessee corporation,

    Defendant.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Gennie Shifter, LLC ("Gennie Shifter" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint for declaratory relief against Defendant Lokar, Inc. ("Lokar" or "Defendant") states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Gennie Shifter is a Colorado limited liability company with its principal place of business located at 301 Bryant Street, Denver, Colorado 80219.  Gennie Shifter is a provider of aftermarket parts for custom/specialty automobiles, including hot-rods, street-rods and trucks.

2. Upon information and belief, Lokar is a corporation organized under the laws of the State of Tennessee, with a principal place of business located at 10924 Murdock Drive, Knoxville, Tennessee 37932.

3. Upon information and belief, Defendant is a provider of aftermarket performance products for automotive vehicles, including hot-rods, street-rods and trucks. Defendant advertises, solicits customers, conducts sales and purchases, and/or distributes these goods in Denver and throughout the State of Colorado.

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 (federal question) and 1338 (trademarks and copyrights), the Lanham Act, 15 U.S.C. §§1051 and 1121, and the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*. Additionally, this Court has supplemental subject matter jurisdiction over the state law claims at issue in this case pursuant to 28 U.S.C. § 1367(a).

5. Defendant is subject to the personal jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this litigation occurred in the State of Colorado.

6. In addition, this Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has transacted business and is presently transacting business in the State of Colorado by: (a) selling or attempting to sell its goods to customers residing in the State of Colorado; (b) providing internet users in Colorado access to its interactive website at www.lokar.com at which they can obtain information to order Defendant's products; and (c) contracting with, or attempting to contract, with Colorado residents for the sale of its products through Lokar distributors based in Colorado.

7. Venue is proper in this judicial district under 28 U.S.C. §1391 because a substantial portion of the relevant transactions and events occurred here; and Defendant has

purposefully directed its activities here; and/or the litigation results from Defendant's activities in this judicial district.

## NATURE OF THE COMPLAINT

8. In this action, an actual case or controversy has recently arisen between the parties. In a letter dated May 16, 2007 to Gennie Shifter, Defendant has asserted that Gennie Shifter's use of the term "LO-DAPT" constitutes trademark infringement and/or dilution of Defendant's "LOKAR" mark, and has demanded that Gennie Shifter cease and desist using such terms. Defendant has also asserted that Gennie Shifter's reference to Defendant's "Lokar™ type shifter" in its advertising constitutes fraud and/or misrepresentation, false advertising and unfair competition. Defendant has further asserted that elements of Gennie Shifter's Collector's Edition 2007 Product Catalog constitute copyright infringement of Defendant's "advertising materials" and "instruction sheets accompanying its products," and has demanded that Gennie Shifter cease distribution and destroy all copies of its Collector's Edition 2007 Product Catalog. Finally, Defendant has alleged that Gennie Shifter's "LO-DAPT" product itself is a "copy" of Defendant's shift knob adapter in violation of the copyright laws, and has demanded that Gennie Shifter immediately cease manufacture and sale of its "LO-DAPT" product. Unless Gennie Shifter gives in to Defendant's unwarranted and baseless demands, Defendant has threatened to sue Gennie Shifter. A copy of Defendant's May 16, 2007 letter to Gennie Shifter is attached hereto as **Exhibit 1**.

9. As more fully set forth herein, Defendant's claims are wholly without merit. Nevertheless, Defendant's claims have put a cloud on Gennie Shifter's legitimate business operations and have placed Gennie Shifter in the untenable position of either acceding to

Defendant's improper and baseless demands or facing the very real prospect of being sued for what Gennie Shifter believes is legal and proper conduct.

10. Accordingly, Gennie Shifter brings this case seeking this Court's declaration that Gennie Shifter's actions do not constitute infringement of any valid and enforceable trademark or copyright held by Defendant, and that its actions do not otherwise constitute unfair competition, fraud, misrepresentation and/or false advertising under state or federal common law.

## GENERAL ALLEGATIONS

11. Since its inception in 1982, Gennie Shifter has been an industry leader for its aftermarket automotive parts for hot-rods, street-rods and trucks. Beginning at least as early as 1984, Gennie Shifter began using the mark "LO-LINE" in connection with hand brakes, and has since developed a line of "LO-" branded products that use the prefix "LO-" as a dominant feature, including, but not limited to the "LO-DAPT," "LO-STIK" and "LO-MOUNT" (collectively the "Family of LO- Marks"). A description of Gennie Shifter's "LO-" branded products is contained in Gennie Shifter's Collector's Edition 2007 Product Catalog, pertinent portions of which are attached hereto at **Exhibit 2.**

12. Gennie Shifter has developed and marketed its Family of LO- Marks and products, including the "LO-DAPT" mark and product, to accommodate a custom vehicle's limited interior space and the floor position of its products within the vehicle itself.

13. Among the many accessories it offers to custom vehicle enthusiasts, Gennie Shifter offers over two hundred (200) styles of shifter knobs. In recognition that custom vehicle owners like the flexibility of having a variety of shifter knob styles (and given its own wide

selection of available shifter knobs), Gennie Shifter has designed and marketed its "LO-DAPT" product to meet most aftermarket shift knob assemblies, including Lokar's, so that customers can switch out their shift knobs to suit their preferences.

14. As with all of its products, Gennie Shifter has taken great care to use only high quality materials and tooling processes for its "LO-DAPT" product. For example, Gennie Shifter's "LO-DAPT" product has a high tolerance inner sleeve, surrounded by an outer shell crafted with polished stainless steel. Additionally, Gennie Shifter's "LO-DAPT" product utilizes brass-tipped oxide set screws internally for increased durability and to eliminate noise that can and does arise when non-metal screws loosen and rattle in the assembly. These features are truthfully and accurately described in Gennie Shifter's advertisements of the "LO-DAPT" product. *See* **Exhibit 2** (pp. 4, 5, and 27).

15. Upon information and belief, and without Gennie Shifter's knowledge, on August 6, 1996, Defendant filed a federal trademark application for the stylized term "LOKAR" with the United States Patent and Trademark Office ("USPTO "). In that application, Defendant represented that it began using its stylized "LOKAR" trademark in 1988. On July 15, 1997, the USPTO issued United States Trademark Registration No. 2,079,242 for the stylized mark

[Lokar stylized logo] to Defendant. *See* USPTO Registration No. 2,079,242, attached hereto as **Exhibit 3.**

16. Contrary to Defendant's contentions, no likelihood of confusion exists between Gennie Shifter's "LO-DAPT" mark and Defendant's stylized "LOKAR" mark, and Defendant's "LOKAR" mark has not been diluted by virtue of Gennie Shifter's marketing and sale of its "LO-DAPT" product. Among other things and in addition to the significant, material differences

in the parties' products and product packaging, Defendant's stylized "LOKAR" mark ( ) is visually, aurally and connotatively distinct from Gennie Shifter's "LO-DAPT" mark.

17.     Similarly, Gennie Shifter's reference to the "Lokar™ type shifter" in Gennie Shifter's advertising is perfectly proper and legal.  The First Amendment's freedom of speech protections and the fair use doctrine clearly protect Gennie Shifter's reference to the "Lokar™ type shifter."  Indeed, Gennie Shifter is entitled to refer to a competitor's product and mark in advertising if such mark is not used conspicuously, which it is not.  Significantly, Gennie Shifter overtly and truthfully referenced Defendant's "Lokar™ type shifter" in all of its advertising.  *See* **Exhibit 2**, p.4.

18.     Defendant's assertion of copyright infringement claim is also without merit, as Defendant's works lack sufficient originality to be protectable under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq*. and/or are not otherwise protectable subject matter under 17 U.S.C. §§ 101-102.  Alternatively, to the extent any of Defendant's works are copyrightable, Gennie Shifter has not "copied" any protectable elements of Defendant's works.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Declaratory Judgment of Trademark Non-Infringement and Non-Dilution)**

19.     Gennie Shifter hereby incorporates and re-alleges all paragraphs above as though fully set forth herein.

20.     There is no likelihood of confusion between Gennie Shifter's "LO-DAPT" mark and product and Defendant's stylized "LOKAR" mark and shift adapter product.

21. Gennie Shifter's use of its "LO-DAPT" mark and/or reference to the "Lokar™ type shifter" does not dilute, nor is likely to dilute, Defendant's stylized "LOKAR" mark.

22. Gennie Shifter has not infringed Defendant's LOKAR mark, nor has it misrepresented Defendant's LOKAR mark or its "Lokar™ type shifter" in connection with its advertisements of its "LO-DAPT" mark and product.

23. By reason of the existence of an actual and justiciable controversy and the facts more fully set forth above, Gennie Shifter is entitled to, and the Court should order, a declaration that Gennie Shifter's Family of LO- Marks, including its "LO-DAPT" mark and product, does not: (a) infringe or violate any existing and valid trademark or other right of Defendant under any state statute or common law rights; (b) constitute unfair competition; (c) constitute dilution; (d) violate Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a); (d) violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and/or (e) violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

### Second Claim for Relief
### (Declaration of No Common Law Unfair Competition, Fraud and/or Misrepresentation)

24. Gennie Shifter incorporates and re-alleges all paragraphs above as though fully set forth herein.

25. Gennie Shifter has taken no action, either intentionally, or unintentionally, which would support a claim of unfair competition, fraud and/or misrepresentation. There is no present or future substantiation of injury to relevant consumers, nor of any diminished or devaluation of the worth of Defendant's "LOKAR" mark as a result of Gennie Shifter's use of its own "LO-DAPT" mark and/or its reference to Defendant's "Lokar™ type shifter" in its advertising.

26. Gennie Shifter's reference to Defendant's "Lokar™ type shifter" is protected by the First Amendment's freedom of speech protections and the fair use doctrine. Gennie Shifter overtly and truthfully referenced Defendant's "LOKAR" mark in all of its advertising.

27. Accordingly, Gennie Shifter is entitled to an order declaring that its advertisement of its "LO-DAPT" product does not constitute unfair competition, fraud and/or misrepresentation.

### Third Claim for Relief
(Declaration of No Trade Disparagement )

28. Gennie Shifter incorporates and re-alleges all paragraphs above as though fully set forth herein.

29. Gennie Shifter has not made any false or misleading representations of fact which misrepresent the nature, characteristics, or qualities of Defendant's mark or products. Therefore, Defendant has not been directly and proximately damaged in terms of adverse publicity and potential lost sales.

30. Accordingly, Gennie Shifter is entitled to an order declaring that its advertisement of its "LO-DAPT" product does not constitute trade disparagement under 15 U.S.C. §1125(a) and/or common law.

### Fourth Claim for Relief
(Declaration of Copyright Non-Infringement)

31. Gennie Shifter incorporates and re-alleges all paragraphs above as though fully set forth herein.

32. Defendant's works lack sufficient originality to be protectable under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq*. and/or are not otherwise protectable subject matter under 17 U.S.C. §§ 101-102.

33. Alternatively, to the extent any of Defendant's works are copyrightable, Gennie Shifter has not copied any protectable elements of Defendant's works.

34. Accordingly, Gennie Shifter is entitled to an order declaring that neither its "LO-DAPT" product nor its advertising infringes any valid and enforceable copyright owned by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Gennie Shifter respectfully requests that the Court issue the following relief:

a. A declaration that Gennie Shifter's use of the term "LO-DAPT," as well as its Family of LO- Marks, does not:

    (i) infringe or violate any existing and valid trademark or other right of Defendant under any state statute or common law rights;

    (ii) constitute unfair competition;

    (iii) constitute dilution;

    (iv) violate Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a);

    (v) violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and/or

    (vi) violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

b. A declaration that no likelihood of confusion exists as between Gennie Shifter's Family of LO- marks and products (including its "LO-DAPT" mark and product) and Defendant's "LOKAR" mark and therefore, Gennie Shifter has not infringed Defendant's mark;

c. A declaration that Gennie Shifter has taken no action, either intentionally, or unintentionally, that constitutes unfair competition, fraud and/or misrepresentation under state and/or federal common law;

d. A declaration that Gennie Shifter has not made any false or misleading representations of fact which misrepresent the nature, characteristics, or qualities of Defendant's marks and/or products;

e. A declaration that none of Defendant's works are copyrightable;

f. Alternatively, to the extent some or all of Defendant's works are copyrightable, a declaration that Gennie Shifter has not infringed any protectable elements of said works; and

g. An order granting Gennie Shifter such other and further relief as this Court may deem just and proper.

Dated this 29th day of May, 2007.

Respectfully submitted,

s/Lee F. Johnson
Lee F. Johnston

s/Meshach Y. Rhoades
Meshach Y. Rhoades

HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80201-8749
Phone: (303) 295-8162
Fax: (303) 295-8261

-11-

        ljohnston@hollandhart.com
        mrhoades@hollandhart.com

**ATTORNEYS FOR PLAINTIFF GENNIE SHIFTER, LLC**

<u>Address of Plaintiff Gennie Shifter, LLC:</u>

301 Bryant Street
Denver, Colorado 80219

3715285_6.DOC