IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No. **07-cv-01121-JLK-MJW**

GENNIE SHIFTER, LLC, a Colorado limited liability company,

      Plaintiff,

v.

LOKAR, INC., a Tennessee corporation,

      Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

**Kane, J.**

      Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and Attorneys' Eyes Only Information (as hereinafter defined), and, as grounds therefor, state as follows:

      1.      In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below) and/or Attorneys' Eyes Only Information (as defined in paragraph 3 below).  The Parties also anticipate seeking additional Confidential Information and/or Attorneys' Eyes Only Information during discovery and that there will be questioning concerning Confidential Information and/or Attorneys' Eyes Only Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for

the purpose of preventing the disclosure and use of Confidential Information and/or Attorneys' Eyes Only Information except as set forth herein.

2.     "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 4 below as containing information in the following categories, including without limitation: information constituting trade secrets, confidential commercial information, business plans, projections and other forward looking information, budgets, general marketing information and budgets, general financial information (including historical financial information), and other confidential, commercially sensitive, competitively sensitive, or privileged matters, where disclosure of such information to a third party outside the scope of this litigation would likely result in serious injury or harm to the designating Party's business interests.

3.     "Attorneys' Eyes Only Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 5 below as containing information in the following categories, including without limitation: information constituting trade secrets, confidential commercial information, business plans, projections and other forward looking information, budgets, general marketing information and budgets, general financial information (including historical financial information), and other confidential, commercially sensitive, competitively sensitive, or privileged matters, where disclosure of such information to an opposing party in this litigation, rather than the opposing party's counsel, would likely result in serious injury or harm to the designating Party's business interests.

4.     Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

     a.     By imprinting the word "Confidential" on the first page or cover of any document produced in a manner that will not interfere with the document's legibility;

     b.     By imprinting the word "Confidential" next to or above any response to a discovery request;

     c.     With respect to depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Confidential";

     d.     With respect to portions of transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony; and

     e.     With respect to any other production of Confidential Information not otherwise covered by this order, by giving written notice to opposing counsel designating such information as "Confidential."

5.     Where Attorneys' Eyes Only Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

     a.     By imprinting the words "Attorneys' Eyes Only", "Attorney's Eyes Only", or "Attorney Eyes Only" on the first page or cover of any document produced;

3

b.      By imprinting the words "Attorneys' Eyes Only", "Attorney's Eyes Only", or "Attorney Eyes Only" next to or above any response to a discovery request;

c.      With respect to depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Attorneys' Eyes Only Information";

d.      With respect to portions of transcribed testimony, by giving written notice to opposing counsel designating such portions as "Attorneys' Eyes Only Information" no later than ten calendar days after receipt of the transcribed testimony; and

e.      With respect to any other production of Confidential Information not otherwise covered by this order, by giving written notice to opposing counsel designating such information as "Attorneys' Eyes Only Information."

6.      All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.      Such Confidential Information shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.      Such Confidential Information shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

7.      Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8.      No Attorneys' Eyes Only Information provided by a Party in response to a discovery request or transcribed testimony shall be disclosed to any persons or entities other than the following and unless an affidavit in the form of Exhibit B has been signed:

a.      The Court, persons employed by the Court and stenographers transcribing the testimony or argument at hearing, trial or deposition in this action or any appeal therefrom;

b.      Any mediator or arbitrator involved in this case, and those who assist them;

c.      Outside counsel of record, including local counsel, for any party (i.e., counsel for a party who is not an employee of the party or its affiliates), and the partners, associates, and staff of such outside counsel;

d.      In-house counsel, employees, and agents of the Party who provided the Attorneys' Eyes Only Information;

e.      Outside consultants and/or experts retained by counsel in connection with this action, to the extent such disclosure is necessary for preparation for trial or other proceedings in this case;

f.      Stenographers and court reporters solely for the purpose of transcribing and/or recording testimony in this case;

g.      Other persons as ordered by the Court or agreed to in writing or on the record by the parties; and

h.      Independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation or related settlement/mediation attempts.

9.      The Party's counsel who discloses Confidential Information and/or Attorneys' Eyes Only Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information and/or Attorneys' Eyes Only Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of such Confidential Information and/or Attorneys' Eyes Only Information, and shall maintain a list of all persons to whom any Confidential Information and/or Attorneys' Eyes Only Information is disclosed.

10.     During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 9 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and/or Attorneys' Eyes Only Information and that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

11.     To the extent that Attorneys' Eyes Only Information is elicited through questioning in depositions and/or pretrial testimony, counsel for the Party who is called upon to disclose such Attorneys' Eyes Only Information shall inform any and all persons not qualified to receive said Attorneys' Eyes Only Information that such deposition and/or pretrial testimony is likely to elicit information deemed "Attorneys' Eyes Only Information" prior to said Attorneys' Eyes Only Information being disclosed.  Thereafter and before said Attorneys' Eyes Only Information is disclosed, counsel for all Parties present at said deposition and/or pretrial testimony shall excuse and remove from the presence of such depositions and/or pretrial testimony all persons not qualified to receive said Attorneys' Eyes Only Information during the time that such Attorneys' Eyes Only Information is being disclosed.

12.     Pursuant to Federal Rule of Civil Procedure 26(c), to the extent that Confidential Information and/or Attorneys' Eyes Only Information is elicited through questioning in depositions and/or pretrial testimony, the number of representatives of the non-deponent Party in attendance of said deposition and/or pretrial testimony, other than counsel for said non-deponent Party, shall be limited to one (1) representative in attendance.

13.     No copies of Confidential Information and/or Attorneys' Eyes Only Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

14.     During the pendency of this litigation, counsel shall retain custody of Confidential Information and/or Attorneys' Eyes Only Information, and copies made therefrom pursuant to paragraph 12 above.

15.     If opposing counsel objects to the designation of certain information as Confidential Information and/or Attorneys' Eyes Only Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order.  Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information and/or Attorneys' Eyes Only Information status from the time it is produced until the ruling by the Court on the motion.

16.     In the event Confidential Information and/or Attorneys' Eyes Only Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information and/or Attorneys' Eyes Only Information and pleadings or briefs quoting or discussing Confidential Information and/or Attorneys' Eyes Only Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information and/or Attorneys' Eyes Only Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

17.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and/or Attorneys' Eyes Only Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

18.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

19.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information and/or Attorneys' Eyes Only Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information and/or Attorneys' Eyes Only Information which counsel shall have maintained pursuant to paragraph 9 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information and/or Attorneys' Eyes Only Information has been destroyed.

20.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information and/or Attorneys' Eyes Only Information shall be treated at trial.

Dated at Denver, Colorado, this 16th day of October, 2007.

BY THE COURT:

*s/John L. Kane*
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

9

**STIPULATED AND AGREED BY:**

HOLLAND & HART LLP                    MERCHANT & GOULD, P.C.


s/ Joseph T. Jaros                     s/ Peter A. Gergely
Joseph T. Jaros                        Peter A. Gergely
Meshach Y. Rhoades                     1050 17th Street, Suite 1950
555 Seventeenth Street, Suite 3200     Denver, CO  80265-0100
Denver, CO  80202                      Telephone: (303) 357-1670
Telephone: (303) 295-8000              Fax: (303) 357-1671
Fax: (303) 295-8261                    E-mail: **pgergely@merchantgould.com**
E-mail: **jjaros@hollandhart.com**
**mrhoades@hollandhart.com**           AND

ATTORNEYS   FOR   PLAINTIFF   GENNIE
SHIFTER, LLC                           PITTS & BRITTIAN, P.C.


                                       s/ Robert E. Pitts
                                       Robert E. Pitts
                                       R. Bradford Brittian
                                       Paul E. Hodges
                                       P.O. Box 51295
                                       Knoxville, TN   37950-1295
                                       Tel. (865) 584-0105
                                       Fax (865) 584-0104

                                       ATTORNEYS FOR DEFENDANT LOKAR, INC.

10

**EXHIBIT A**

**<u>AFFIDAVIT</u>**

STATE OF COLORADO

)

                                    )

ss.

C O U N T Y   O F   _____

)

_____, swears or affirms and states under penalty of perjury:

       1                                                               .

I have read the Protective Order in the action styled <u>Gennie Shifter, LLC, v. Lokar, Inc.</u>, civil action number <u>07-CV-01121-JKL-MJW</u>, in the Federal District Court for the District of Colorado, a copy of which is attached to this Affidavit.

       2                                                               .

I have been informed by counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

       3                                                               .

I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

       4                                                               .

For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

       5                                                               .

I will abide by the terms of the Protective Order.

                                             (Signature)

                                             (Print or Type Name)

                                             Address:

                                             T e l e p h o n e   N o . :   ( _____ )

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2007, by
_____.

WITNESS my hand and official seal.


[S E A L]                                          Notary Public

                                                   My Commission Expires:

**EXHIBIT B**

**AFFIDAVIT**

S  T  A  T  E          O  F          C  O  L  O  R  A  D  O
)
                                                    )
ss.
C O U N T Y   O F   _____
)

_____, swears or affirms and states under penalty of perjury:

1.
I have read the Protective Order in the action styled <u>Gennie Shifter, LLC, v. Lokar, Inc.</u>, civil action number <u>07-CV-01121-JKL-MJW</u>, in the Federal District Court for the District of Colorado, a copy of which is attached to this Affidavit.

2.
I have been informed by counsel for _____, that the materials described in the list attached to this Affidavit are Attorneys' Eyes Only Information as defined in the Protective Order.

3.
I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Attorneys' Eyes Only Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

4.
I hereby attest that I am not currently employed, engaged by or directly advising any competitor of Lokar, Inc. with respect to any business matter materially related to the subject matter of this action; and I agree that I will not provide any such advice within the six months after my service has been completed in connection with this action and that I am using said information solely in connection with this action.

5.
For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

6.
I will abide by the terms of the Protective Order.

(Signature)

13

(Print or Type Name)

Address:

Telephone No.: ( _____ )

14

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2007, by
_____.

WITNESS my hand and official seal.

[S E A L]

Notary Public

M y    C o m m i s s i o n    E x p i r e s :

15